OPINION
{¶ 1} Defendant-appellant Antonio Bailey appeals from his sentence for Aggravated Robbery, with a three-year firearm specification. Bailey was sentenced to five years for the offense, to be served consecutively to, and following, the three years for the firearm specification. The minimum sentence for Aggravated Robbery, a felony of the first degree, is three years.
 {¶ 2} Bailey asserts two assignments of error, as follows:
 {¶ 3} "THE TRIAL COURT ERRED IN IMPOSING A SENTENCE THAT WAS CONTRARY TO LAW.
 {¶ 4} "APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 5} In imposing sentence, the trial court followed the dictates of R.C. 2929.14(B)(2), which requires the imposition of a minimum sentence upon a felony offender who has not previously served a prison term, unless certain findings are made by the trial judge. In his First Assignment of Error, Bailey asserts that the statutory provision that the trial court followed in imposing more than a minimum sentence is unconstitutional, since it violates his right to a jury. In his Second Assignment of Error, Bailey asserts that if he is deemed to have waived the issue presented by his First Assignment of Error, then his trial counsel was ineffective for having failed to preserve that issue for appellate review.
 {¶ 6} In State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856, the Ohio Supreme Court has held that R.C.2929.14(B)(2) is unconstitutional in that it deprives a defendant of his right to a jury trial. At ¶ 104, the Ohio Supreme Court prescribed the appropriate remedy for all cases pending on direct review as a reversal of the sentence and the remand of the cause for re-sentencing.
 {¶ 7} Bailey's First Assignment of Error is sustained, upon the authority of State v. Foster, supra. His Second Assignment of Error is overruled as moot.
 {¶ 8} The sentence imposed by the trial court is Reversed, and this cause is Remanded for re-sentencing in accordance withState v. Foster, supra.
Brogan and Donovan, JJ., concur.